Herbert, J.
Before the Court of Appeals, appellant contended that:
“The only question in this cause, is the appellant entitled to interest on damage to the residue from the date of take * * * to date of payment * * *.” (Deletions ours.)
In this court, appellant sets out five assignments of error. These, however, raise only two issues: (1) That which pertains to ascertainment of interest, and (2) the conclusion of the Court of Appeals that the provision of Section 19, Article I of the Constitution of Ohio, relative to the determination of compensation by a jury, is mandatory.
The probable basis for the conclusions reached by the trial court as to interest due the landowner is well stated by the Court of Appeals in its opinion, as follows:
“A reading of the bill of exceptions discloses much dispute in the testimony as to how and when the damages to the residue were actually incurred by the property owner. The jury award *280 ed $552,000 as damages to the residue. One of the witnesses for the property owner testified that damages to the residue resulting from take of the boiler and laundry house would be $301,000, but the boiler house was not taken until after payment by the state and, therefore, damage to the residue resulting from taking of the boiler house did not occur until after payment. The same witness testified as to damage to residue resulting from loss of land, which would require purchase of additional land by the hospital at some future date and result in damage to the residue in the sum of $402,000. Also, damage to residue resulting from take of the nurses’ home was not incurred until after payment. In addition there was a total deposit by the state in the sum of $164,000 for structures, which the Bethesda Hospital Association under Rev. Code Sec. 5519.03, could have but did not withdraw. The Common Pleas Court made no separate finding of fact setting forth when the damages to residue were determined to have been first incurred by the property owner, but in view of the testimony, he may have determined that this date was not until after compensation, as determined by the jury, had been paid to the property owner by the state. From the record such a determination would not appear to be either contrary to law or against the manifest weight of the evidence.”
Relative to the second issue, the Court of Appeals in its opinion spoke as follows:
“It is our finding that, until the date of verdict, when the proceedings are under eminent domain, as distinguished from voluntary acquisition, the provisions of Art. I, Sec. 19 of the Ohio Constitution, supra, make it mandatory that assessment of compensation, including interest, if any, as a part thereof, be determined by a jury. Thus, in appropriation proceedings, when the right of eminent domain is being exercised, in accordance with the provisions of Art. I, Sec. 19 of the Constitution of Ohio, the parties cannot waive a jury and agree that compensation be assessed by the court. In our opinion only when the jury has determined the assessment of interest by fixing the interest bearing period and the rate of interest in its verdict can the court determine the interest * *
Neither party questioned the waiver of the jury’s con *281 sideration of the matter of interest and its submission to the court. That such waiver was contrary to the Ohio Constitution, as held by the Court of Appeals, was an issue not raised either in the Common Pleas Court or in the Court of Appeals by either of the parties. However, as there appears to be considerable concern in legal circles relative to the authority of the parties through their counsel to enter into such a waiver, this question will be considered in this opinion.
It appears that the great weight of authority supports the proposition that the parties in a highway land acquisition case may, by stipulation or agreement, waive the constitutional provision that “compensation shall be assessed by a jury.” Section 19, Article I, Constitution of Ohio.
The Supreme Court in Thatcher v. Pennsylvania, Ohio & Detroit Rd. Co., 121 Ohio St., 205, in its opinion, at pages 209 and 210, discussed the constitutional guarantees of right to trial by jury in felony cases, observing that:
“* * * this guarantee is not compulsory, but on the contrary may be waived.
“ * * * Surely the same principle must apply in proceedings to appropriate private property for public use.”
The fourth paragraph of the syllabus in the State, ex rel. Warner, v. Baer et al., Judges, 103 Ohio St., 585, is as follows: “Agreements, waivers and stipulations made by persons accused of crimes, or by their counsel in their presence, during the course of a trial for crime, are, after the termination of the trial, as binding and enforceable upon such persons as like agreements, waivers and stipulations are upon parties to civil actions.” (Emphasis ours.)
The principle of law is well established in other jurisdictions that parties to litigation may, by their counsel, stipulate or agree to waive the constitutional guaranty of trial by jury and submit issues of fact to the court in proceedings brought by the state to acquire private property for public use. 50 Corpus Juris Secundum, 790, Section 85 et seq.; 31 American Jurisprudence, 48, Sections 42-48, and citations thereunder.
Appellant has cited numerous authorities that the waiver was in all respects proper. The appellee in his brief states that:
*282 “Submitting the question (ascertainment of interest) to the court by agreement may be irregular perhaps, but certainly not prejudicial error.”
It follows that the finding of the Court of Appeals that the parties through their counsel may not waive the provision relative to compensation set out in Section 19, Article I of the Constitution of Ohio, is erroneous.
However, there appearing to be no prejudicial error in the record, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith and Gibson, JJ., concur.